UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ELIZABETH PEERY,

        Plaintiff,

   v.                              Civil No. 08-328-HA

                                        OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Elizabeth Peery seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying her application for Disability Insurance Benefits

(DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g). For the following reasons, the Commissioner's decision is reversed and remanded for

further proceedings.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the

2- OPINION AND ORDER

requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner

meets this burden, the claimant is deemed not disabled for purposes of determining benefits

eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v.

Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of

benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so

long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ).

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035

(9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision.  *Reddick*, 157 F.3d at 720.

## FACTS

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here.  Plaintiff was fifty-two years old at the alleged disability onset date and fifty-four years old at the time of her hearing.  Plaintiff has a high school education and has taken some college classes.  Plaintiff has past relevant work experience as a substitution worker (school), receptionist, secretary, and bookkeeper.

Plaintiff protectively filed her application for benefits on September 6, 2005, alleging disability beginning November 1, 2004.  Plaintiff alleges disability stemming from physical and mental impairments including a brain tumor, short-term memory loss, vertigo, chronic fatigue, hypertension, chronic headaches, and depression.  Plaintiff's application was denied initially and upon reconsideration.  The ALJ conducted a hearing on April 26, 2007, at which he heard testimony from plaintiff, who was represented by counsel, a medical expert, and a VE.

On June 5, 2007, the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date.  Tr. 21, Finding 2.[1]

At step two, the ALJ found that plaintiff had the following medically determinable severe impairment: a cavernous venus angioma.  Tr. 21, Finding 3.

---

[1] Tr. refers to the Transcript of the Administrative Record.

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment. Tr. 22, Finding 4.

The ALJ determined that plaintiff has the RFC to perform work with no exertional limitations. Tr. 22, Finding 5. Additionally, the ALJ determined that plaintiff "is limited to no climbing of ropes, ladders, and scaffolds, and to frequent [sic] balancing, climbing of ramps/stairs, stooping, kneeling, crouching, and crawling." *Id*. at 23. Plaintiff is also "to avoid even moderate exposure to hazards." *Id*.

At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a substitution worker, receptionist, secretary, and bookkeeper. Tr. 23, Finding 6. This determination made a finding at step five unnecessary.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further proceedings, or for an award of benefits, due to a number of alleged errors including: (1) improperly rejecting the opinion of a treating physician; (2) failing to obtain medical expert testimony to determine plaintiff's disability onset date; and (3) improperly rejecting plaintiff's subjective symptom testimony;.

## 1.      Treating Physician's Opinion

Plaintiff argues that the ALJ erred in not giving controlling weight to the opinion of examining psychologist, Rory F. Richardson, Ph.D. The opinion of Dr. Richardson cannot be lightly disregarded. However, "it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ

6- OPINION AND ORDER

may reject the contradicted opinion of an examining physician by stating specific and legitimate

reasons, and may reject an uncontradicted treating or examining physician opinion by providing

clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v.

Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32

(9th Cir. 1995).

The ALJ rejected the opinion of Dr. Richardson for a number of reasons. None,

however, were legitimate reasons for rejecting his testimony. The ALJ noted that his assessment

of plaintiff was based partially on plaintiff's subjective symptomology, including the fact that

plaintiff "had 'indicated' that she had a brain tumor that was diagnosed in November 2004." Tr.

22. However, the record clearly reflects that Dr. Richardson relied predominantly upon his own

observations. The fact that plaintiff "indicated" to Dr. Richardson that she had been diagnosed

with a cavernoma on her brain stem is no reason to discount his opinion; especially since that

fact is no less true for having passed plaintiff's lips. "[A]n ALJ does not provide clear and

convincing reasons for rejecting an examining physician's opinion by questioning the credibility

of the patient's complaints where the doctor does not discredit those complaints and supports his

ultimate opinion with his own observations." *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194,

1199-200 (9th Cir. 2008).

The ALJ also noted that Dr. Richardson's assessment was internally inconsistent. A

plain reading of his report reveals no internal inconsistencies. The fact that plaintiff is able to

occasionally walk on the beach, or read, does not also mean that she is unimpeded in activities of

daily living. Tr. 204, 214. A person need not be incapable of all activity before they are

markedly limited in activities of daily living.

Lastly the ALJ rejected Dr. Richardson's opinion because his assessment took place after

7- OPINION AND ORDER

plaintiff's date last insured.  The ALJ reasoned that Dr. Richardson's assessment "can only be relevant to the time surrounding the examination and could not reflect claimant's abilities and limitations for the period of 1 to 2 years before . . .[t]herefore, I have concluded claimant's mental conditions are medically indeterminable for the period before claimant's date last insured." Tr. 22.  The ALJ's reasoning is flawed.  Despite the ALJ's assertion, medical assessments often provide relevant information regarding past conditions.

Doctor Richardson's opinion was ambiguous with respect to when he believed plaintiff first became disabled.  Because Dr. Richardson did not evaluate plaintiff until after the expiration of her insured status, the ALJ was not required to assume his opinion related back to the period in question.  However, given the severity of the impairments identified by Dr. Richardson, the ALJ had a duty to further develop the record with respect to a disability onset date, or to determine whether Dr. Richardson's opinion establishes that plaintiff is in fact disabled at all.

## 2.    Disability Onset Date

Plaintiff contends that the question of disability onset should have been put to a medical expert, and that it was legal error for the ALJ not to call upon the services of such an expert. This court agrees.  In *Armstrong v. Commissioner of Social Security Administration*, the Ninth Circuit determined that under Social Security Ruling (SSR) 83-20, an ALJ should consult with a medical advisor when a disability onset date must be inferred.  160 F.3d 587, 589 -590 (9th Cir. 1998).  Citing SSR 83-20, the court reasoned that:

> "In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the

facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made."

In *DeLorme,* we held that in this context "should" means "must." If the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination."

*Id.* (citing SSR 83-20; quoting *Delorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991))(citation omitted).

Defendant contends that because the ALJ determined that plaintiff was not disabled and could return to work, he was not required to consult with a medical expert to determine a disability onset date. However, the ALJ determined that plaintiff was not disabled after erroneously rejecting the opinion of Dr. Richardson. In short, defendant contends that Dr. Richardson's opinion was properly rejected because his examination took place after the date last insured, and then argues that the ME did not need to be consulted regarding disability onset because plaintiff is not disabled. This argument is circular at best. Doctor Richardson's opinion establishes that plaintiff currently has a number of significant mental impairments, which he believes are disabling. Tr.204-10. The ALJ improperly rejected this testimony and then determined that plaintiff was not disabled prior to the date last insured. After rejecting the testimony of Dr. Richardson, and failing to call upon the aid of a medical expert, the ALJ was not in a position to make this determination.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings

9- OPINION AND ORDER

turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Pursuant to this remand, the ALJ shall reconsider the opinion of Dr. Richardson and, if necessary, develop the record in consultation with a medical expert to infer a disability onset date. Additionally, the ALJ shall reconsider the subjective symptom testimony of plaintiff and determine whether plaintiff's RFC should be reformulated to take into account any of her mental impairments. Plaintiff is entitled to present additional evidence and argument regarding these issues.

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  14  day of August, 2009.


        /s/ Ancer L. Haggerty    
           Ancer L. Haggerty
        United States District Court


10- OPINION AND ORDER