UNITED STATES DISTRICT COURT

FILED 22 JUN '11 15:39 USDC-ORP

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELIZABETH PEERY,                                                          Civil No. 08-328-HA

          Plaintiff,                                                         ORDER

        v.

COMMISSIONER of Social Security,

          Defendant.

_____

HAGGERTY, District Judge:

On August 14, 2009, this court entered a Judgment remanding this matter to the

Commissioner for further proceedings. Following the remand, plaintiff was awarded benefits.

Plaintiff's counsel now moves for a fee award of twenty-five percent of plaintiff's

retroactive benefits, totaling $16,527.75. Although defendant does not object to the proposed

award, this court is required to perform an independent check to ensure that the award is

reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons,

plaintiff's counsel's motion for approval of attorney fees [30] is granted in part.

**DISCUSSION**

After entering a judgment in favor of a Social Security claimant, the court may award a

reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total

1 -- ORDER

amount of the past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).

Pursuant to the statutory guidance, plaintiff's counsel and his client executed a fee agreement

providing that counsel's fee following a favorable outcome from this court would equal twenty-

five percent of any past-due benefits received.  This agreement is within the statutory limits.

The fee award currently sought by counsel represents the amount withheld from plaintiff's

past-due benefits by the Social Security Administration, which this court assumes represents

twenty-five percent of plaintiff's total award.  By the court's calculation, plaintiff's total award of

past-due benefits was $66,111.00.  A twenty-five percent contingent fee award for plaintiff's

counsel, however, is neither automatic nor presumed.  *Dunnigan v. Comm'r*, Civil No. 07-1645-

AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).

This court may reject a contingent fee agreement that fails to "yield reasonable results" in a

particular case.  *Gisbecht*, 535 U.S. at 807.  Counsel therefore must establish that the requested

award is reasonable, even if it does not exceed the twenty-five percent ceiling.  *Id.*

This court may reduce a contingent fee in cases in which the attorney provided

substandard representation, engaged in dilatory conduct that increased the accrued amount of

past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case.

*Id.* at 808.  In deciding the reasonableness of the fee, the court should consider: (1) the character

of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking

the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the

case" and raise the specter that the attorney will receive an unwarranted windfall.  *Crawford v.

Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due

to the character of counsel's representation or the results obtained.  Plaintiff's counsel presented

2 -- ORDER

sound arguments in his briefing that resulted in a remand for further proceedings and an award of benefits for his client. Accordingly, a reduction of counsel's fee request is unwarranted under these factors.

Counsel received three extensions, totaling 130 days, for filing the opening brief and reply brief in this case. Although counsel contends that these extensions were not intended to improperly delay this case, the delay resulted in an additional three months of past-due benefits for plaintiff. This court finds that this degree of increase in the recovery of past-due benefits should be considered in the proportionality analysis.

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel litigated a moderately complex application for Social Security benefits that was disputed by the Commissioner. He claims to have worked 36.58 hours on the case. Pl.'s Mem. at 5. In support of his request for a full fee award, counsel compares his average hourly rate for non-contingent cases with the average likelihood of winning benefits in Social Security cases, and the general risk involved in such cases. *Id.* at 4-5. The Ninth Circuit, however, has recently explained that this court must evaluate the complexity and risks of the *specific* case at issue, and cannot accept a plaintiff's counsel's justifications of a fee award that refer to broad policy considerations or the general risks involved in litigating social security cases. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. 2011) (quoting *Crawford*, 586 F.3d at 1153). Accordingly, this court disregards counsel's generic rationalizations and his comparison to fees awarded in other cases. *See* Pl.'s Mem. at 5-9.

3 -- ORDER

After conducting an independent evaluation of the complexity and risks involved in this specific case, this court finds that counsel has established that a fee representing twenty-three percent of plaintiff's past-due benefits is reasonable in this case. Notwithstanding plaintiff's counsel's assertion that this case was "more risky than average" simply because another attorney originally believed that a favorable judgment was unlikely, Pl.'s Mem. at 3, this case was relatively straightforward. Moreover, the disabled client recovered significant retroactive benefits, underscoring the need to ensure that the fee request does not result in an unwarranted windfall. This court concludes that an award of twenty-three percent of those benefits adequately accounts for counsel's work in this specific case, and will prevent counsel's disabled client from incurring a disproportionate loss of benefits.

This court also previously awarded plaintiff a fee award of $6,300.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Because counsel received an EAJA fee in this case, the EAJA fee must be deducted from his § 406(b) award. *See Gisbrecht*, 535 U.S. at 796.

## CONCLUSION

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [30] is granted in part. Counsel is entitled to $15,205.53 in § 406(b) fees, representing twenty-three percent of the disabled plaintiff's retroactive benefits recovery). After subtracting the $6,300.00 EAJA fee award previously granted to counsel, the final fee award is $8,905.53.

IT IS SO ORDERED.

DATED this 22 day of June, 2011.

_____
Ancer L. Haggerty
United States District Judge

4 -- ORDER